UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE CASAWAY,

        Petitioner,

   v.

KEN QUINN,

        Respondent.

Case No. C07-5191-RJB/KLS

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART PETITIONER'S PETITION FOR HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 22. The Court has considered the Report and Recommendation, Objections to the Report and Recommendation (Dkt. 25), and the file herein.

## I. HABEAS PETITION PROCEDURAL HISTORY

On June 22, 2007, Petitioner Bruce Casaway filed a 28 U.S.C. § 2254 petition for Writ of Habeas Corpus related to his October 2003 conviction for Assault in the First Degree and Unlawful Possession of Firearm in the Second Degree. Dkt. 7. Petitioner advances the following five claims for relief:

1. Violation of Sixth Amendment right to a speedy trial;

2. Violation of Sixth Amendment right to a trial by jury;

3. Insufficient evidence to convict on the charge of first degree assault;

4. Ineffective assistance of counsel for failing to seek a cautionary or accomplice instruction

ORDER
Page - 1

          regarding a co-defendant; and

    5.    Violation of Sixth Amendment right to confrontation;

Dkt. 7 at 6-7, 9, 11.

On January 15, 2008, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation that recommended that Petitioner's first claim for writ of habeas corpus be dismissed as exhausted and procedurally barred and that Petitioner's remaining claims for writ of habeas corpus be denied on the merits. Dkt. 22.

On February 13, 2008, Petitioner filed an Objections to Report and Recommendation and objects to the following conclusions:

1. Petitioner failed to properly exhaust his first habeas claim that he was denied his right to a speedy trial because he did not present that claim as a federal constitutional claim to the Washington Supreme Court;

2. Failure to submit Petitioner's out of state convictions to a jury did not violate his Constitutional right to have his sentencing determination decided by a jury;

3. Evidence was sufficient to allow a reasonable trier of fact to infer that Petitioner committed the crime of Assault in the First Degree;

4. Attorney was not negligent in failing to submit or request a cautionary instruction concerning the testimony of [co-defendant] Curtis Cornwell; and

5. Petitioner's assertion that he was denied his right to confrontation fails because he failed to make an offer of proof; he had no evidence [co-defendant] Cornwell was facing a "life sentence," and that there was no abuse of discretion in excluding victim's driving record.

Dkt. 25.

The specific facts related to each of Petitioner's claims are detailed in the Report and Recommendation and shall not be repeated in this order. Dkt. 22.

## **II. DISCUSSION**

Judge Strombom recommended that this Court dismiss Petitioner's first claim and deny Petitioner's remaining claims. Dkt. 22. Because the legal standards for dismissal of a claim for a writ of habeas corpus are different than for denying such a claim, the Court will engage in separate discussions.

**A.**    **Dismissal - Violation of Right to a Speedy Trial**

Petitioner objects to Judge Strombom's recommendation that his claim for denial of right to a speedy trial be dismissed because of procedural defects. Dkt. 25. Petitioner argues that his claim should be decided on the merits. *Id.* Judge Strombom found that Petitioner had failed to exhaust his state court remedies before presenting the claim in a federal habeas corpus petition and, therefore, Petitioner's claim was procedurally defective. Dkt. 22 at 11-12. Other than the objection, Petitioner has not provided the Court with evidence or argument that his claim for a right to a speedy trail satisfies the exhaustion requirement for habeas relief. This claim is unexhausted and would be procedurally barred in the state courts.

Petitioner's second objection relating to this claim is that he can show good cause and prejudice that qualifies for an exception to the procedural defect. Dkt. 25 at 2-5. Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive federal review of the defaulted claim only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Judge Strombom correctly found that "Petitioner [had] not provided the Court with any evidence of cause or prejudice or a fundamental miscarriage of justice." Dkt. 22 at 12.

Petitioner argues that he can show cause based on ineffective assistance of counsel. Dkt. 25 at 3-5. A petitioner can demonstrate "cause" by showing ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner, however, cannot show cause for a procedural default where the petitioner bears "the costs associated with an ignorant or inadvertent procedural default" or "where the failure to raise a claim is a deliberate strategy." *Coleman*, 501 U.S. at 752. Moreover, allegations of ineffective assistance of counsel on discretionary review or in a collateral challenge do not establish "cause," because a petitioner has no constitutional right to counsel in either proceeding. *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586 (1982). Petitioner has submitted copies of letters to counsel in which he discusses the need to fully exhaust all federal claims in state court to avoid procedural defects in case a federal habeas petition became necessary. *See* Dkt. 25, Exhs. A-C. Petitioner argues that it was his counsel's fault that this claim was not exhausted on review of his conviction to the Washington Supreme Court. *Id.* at 4. This argument is without merit according to established Supreme Court law; ineffective assistance of counsel on discretionary review does not

ORDER
Page - 3

constitute cause for purposes of excusing a procedurally defective claim. *See above.* Therefore, the Court should overrule Petitioner's objection to Judge Strombom's finding that Petitioner failed to show cause.

Finally, Petitioner argues that dismissing his claim would result in a fundamental miscarriage of justice. *Id.* at 2-5. The miscarriage of justice exception allows review of a defaulted claim only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. . . ." *Murray*, 477 U.S. at 496. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "The exception is available only where the petitioner supplements his constitutional claim with a colorable showing of factual innocence." *Coley v. Gonzales*, 55 F.3d 1385 (9th Cir. 1995) (quoting *Herrara v. Collins*, 506 U.S. 390, 404 (1993)). Petitioner has failed to produce new evidence of factual innocence and, therefore, has failed to meet this burden.

In summary, Petitioner has failed to show: 1) that his claim for denial of a right to a speedy trial should be decided on the merits; 2) that there is cause to overcome the procedurally defaulted claim; or 3) that dismissing Petitioner's claim as procedurally barred would be a fundamental miscarriage of justice. The Court should overrule all of Petitioner's objections (Dkt. 25) and adopt Judge Strombom's Report and Recommendation (Dkt. 22) dismissing Petitioner's first claim for a writ of habeas corpus because of a violation of his Sixth Amendment right to a speedy trial.

**B.     Denial of Habeas Corpus Claims**

The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1)-(2). A state-court decision is contrary to clearly established precedent if it "'applies a rule that contradicts the governing law set forth in'" a Supreme Court decision, or "'confronts a set of facts that are materially indistinguishable'" from such a decision and nevertheless arrives at a different result. *Early v.*

*Packer*, 537 U.S. 3 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

### 1. Violation of Right to a Trial by Jury

Petitioner's second claim for a writ of habeas corpus is that the trial court violated his Sixth Amendment right by not submitting his out of state convictions to the jury and instead engaged in a factual determination that the Texas crimes of aggravated third degree assault and second degree robbery were "strike eligible" in Washington. Dkt. 7 at 7; Dkt. 8 at 8. Judge Strombom recommended that the Court deny this claim because, in upholding the trial court's decision, the Washington Court of Appeals decision was not contrary to or an unreasonable application of clearly established federal law. Dkt. 22 at 14-15. Petitioner objects to this recommendation based on the Supreme's Courts holding in *Shepard v. United States*, 544 U.S. 13 (2005). Dkt. 25 at 5-7. This is the same argument that Petitioner presented to Judge Strombom and this argument is without merit. *See* Dkt. 22 at 12-14. As Judge Strombom described in the Report and Recommendation, *Shepard* is not applicable to this case. *Id.* More importantly, the Washington Court of Appeals decision denying Petitioner's appeal on this issue was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. *See above*. Petitioner has failed to meet his burden for a writ of habeas corpus.

Therefore, the Court should overrule Petitioner's objection (Dkt. 25) and adopt Judge Strombom's Report and Recommendation (Dkt. 22) denying Petitioner's second claim for a writ of habeas corpus because of a violation of his Sixth Amendment right to a trial by jury.

### 2. Insufficient Evidence for Crime of First Degree Assault

Petitioner objects to Judge Strombom's "findings that any rational trier of fact may infer specific criminal intent." Dkt. 25 at 8. In his habeas corpus petition, Petitioner argued that there was insufficient evidence to convict him of the crime of First Degree Assault. Dkt. 7 at 9. Specifically, Petitioner argued that there is no evidence of intent to inflict great bodily harm and insufficient evidence identifying him as the person who shot at the victim. Dkt. 20 at 3-4.

When evaluating a claim of insufficiency of the evidence to support a conviction, the question is not whether the Court itself believes the evidence establishes guilt. "Instead, the relevant question is whether .

. . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original). The Court must "view the record as a whole in the light most favorable to the prosecution." *Gordon v. Duran*, 895 F.2d 610, 612, (9th Cir), *cert. denied*, 489 U.S. 1077 (1990).

In the Report and Recommendation, Judge Strombom cites evidence that was before the jury during Petitioner's trial. Dkt. 22 at 15-23. Petitioner's argument that this evidence, when taken in the light most favorable to the prosecution, *see above*, is insufficient to establish Petitioner's guilt is without merit. The evidence on the record is sufficient in that a rational trier of fact may have found both that Petitioner was the shooter and that Petitioner acted with intent to commit the crime. Petitioner has failed to meet his burden in showing that the Washington Court of Appeals decision denying Petitioner's appeal on this issue was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See above*.

Therefore, the Court should overrule Petitioner's objection (Dkt. 25) and should adopt Judge Strombom Report and Recommendation (Dkt. 22) denying Petitioner's third claim for a writ of habeas corpus because of insufficient evidence to convict on the charge of first degree assault.

### 3.  **Ineffective Assistance of Counsel**

Petitioner objects to Judge Strombom's recommendation that the Court deny Petitioner's claim of ineffective assistance of counsel. Dkt. 25 at 9-11. To support a claim of ineffective assistance of counsel, a petitioner must satisfy a two-part standard. First, the petitioner must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Second, the petitioner must show that the deficient performance prejudiced the defense so "as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Unless the petitioner's showing satisfies both parts of the analysis, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. Judicial review of an attorney's performance is "highly deferential and doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

1      Petitioner argues that his counsel was ineffective because of the failure to either give a jury
2  instruction regarding the testimony of an accomplice or to request that the trial judge give a appropriate
3  admonitory instruction on how the jury should receive an accomplice's testimony. Dkt. 25 at 9-11.  Under
4  federal habeas review, Petitioner's burden is that this possible error was so severe that it deprived
5  Petitioner of some right guaranteed by the Fourteenth Amendment.  *Carriger v. Lewis*, 971 F.2d 329, 334
6  (9th Cir.), *cert. denied*, 113 S. Ct. 1600 (1992).   It is important to note that the Washington Court of
7  Appeals, in denying Petitioner's claim for ineffective assistance of counsel, found that there was no
8  evidence in the record that the witness in question was even an accomplice. *See* Dkt. 17, Exh. 6 at 22-24.
9  The court went onto hold that it was unnecessary to even give the accomplice instruction. *Id.*

10     Assuming that Petitioner's counsel should have argued for an accomplice instruction or warning by
11 the trial judge, Petitioner must meet the two part standard for ineffective assistance of counsel. *See above*.
12 Petitioner has failed to meet this burden.  Instead, Petitioner merely sets forth multiple hypothetical fact
13 scenarios based on circumstantial evidence in the record. *See* Dkt. 25 at 9-11.  Other scenarios do not
14 show or imply that Petitioner was denied a fair trial by the gross incompetence of counsel. *See above*.
15 Moreover, any failure to adequately instruct the jury that a possible accomplice was testifying against
16 Petitioner is not a breakdown in the adversary process that would render a result unreliable. *See above*.
17 More importantly, the Washington Court of Appeals decision concluding that there was sufficient evidence
18 to support the convictions, and the Washington Supreme Court decision denying review of this issue were
19 not contrary to, or an unreasonable application of, clearly establish federal law, as determined by the
20 Supreme Court, nor did they result in a decision that was based on an unreasonable determination of the
21 facts in light of the evidence presented to the state courts.

22     Accordingly, the Court should overrule Petitioner's objection (Dkt. 25) and adopt the Report and
23 Recommendation (Dkt. 22) denying Petitioner's fourth claim for a writ of habeas corpus because of
24 ineffective assistance of counsel for failing to seek a cautionary or accomplice instruction regarding co-
25 defendant.

26

27     **4.     Violation of Right to Confrontation**
28     Petitioner objects to the Magistrate's recommendation that the Court deny Petitioner's fifth claim

ORDER
Page - 7

for a writ of habeas corpus because of a violation of his Sixth Amendment right to confrontation. Dkt. 25 at 11. In addition to the defendant's right to confront and cross-examine the State's witnesses, the Compulsory Process Clause of the Sixth Amendment prevents the States from arbitrarily denying criminal defendants the right to present witnesses whose testimony is relevant and material to the defense. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Washington v. Texas*, 388 U.S. 14, 23 (1967). Petitioner objects on the grounds that the trial judge improperly limited Petitioner's ability to introduce evidence during the trial that would have allowed Petitioner to attack the credibility of the witnesses against him. Dkt. 25 at 11-13. Petitioner claims that the co-defendant's criminal background and the fact that the co-defendant was arrested with a fake identification was critical information to Petitioner's defense. *Id.* Because the trial judge denied the admission of this evidence, Petitioner maintains that his right to confrontation and cross-examination were violated. *Id.* This is the same argument that Petitioner presented to Judge Strombom. *See* Dkt. 8; Dkt. 20.

Judge Strombom did a thorough analysis of the facts and the law pertaining to this claim for relief and argument. Dkt. 25 at 29-33. Judge Strombom concluded that "As this Court is not aware of any United States Supreme Court case that would, under these same factual scenarios, render a result opposite to that reached by the Washington Court of Appeals, its adjudication of the claim on the merits cannot be contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court." *Id.* at 33-34. This Court also finds Petitioner's arguments unavailing.

Therefore, the Court should overrule Petitioner's objection (Dkt. 25) and should adopt Judge Strombom's Report and Recommendation (Dkt. 22) denying Petitioner's fifth claim for a writ of habeas corpus because of a violation of his Sixth Amendment right to confrontation.

### III. ORDER

Therefore, it is hereby **ORDERED** that

1. Petitioner's objections to Report and Recommendation (Dkt. 25) are **OVERRULED**;
2. The Report and Recommendation (Dkt. 25) is **ADOPTED**;
3. Petitioner's petition for habeas corpus relief (Dkt. 7) is **DISMISSED** as to violation of his Sixth Amendment right to a speedy trial (claim one); and

4. Petitioner's petition for habeas corpus relief (Dkt. 7) is **DENIED** as to all other claims for relief.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Karen L. Strombom, all counsel of record, and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of March, 2008.

ROBERT J. BRYAN
United States District Judge